# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

October 30, 2020

**VIA ECF**

Hon. Magistrate Judge James L. Cott
United States District Court – SDNY
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

　　　　　　　Re:　　　**Arquimidez Alejandro Narcizo v. NY Strawberry Deli Corp., et al.
　　　　　　　　　　　Índex No. 19-CV-4523 (LGS)**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ATTORNEY'S FEES PURSUANT TO CHEEKS

Your Honor:

　　We represent Plaintiff Arquimidez Alejandro Narcizo in the above referenced matter, and now submit this motion by letter, jointly with defense counsel, for the Court's approval of the settlement agreement reached between the Parties and the proposed attorneys' fees.

　　The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as Exhibit A.

　　Plaintiff and all Defendants with the exception of Defendant Hadi have executed the agreed to Agreement. Mr. Hadi has been away on personal matters in Egypt and will not return for another three weeks, according to defense counsel. We therefore ask the Court to approve the settlement and dismiss the case with prejudice, pending the submission of the final signature by Defendant Adel Hadi. Defense counsel represents that he has been in touch with Mr. Hadi and he will sign the agreement and have the confessions of judgment notarized upon his return.

We are aware of the decisions in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial to the fullest extent possible the settlement is fair and reasonable.

## Background

This is an action for money damages brought by Plaintiff Arquimidez Alejandro Narcizo. He brings this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL").

Plaintiff alleges that he was employed as a cashier at four delis controlled, owned, and operated by the defendants: one located at 350 W 14th Street, New York, New York 10014 under the name "14 Organic Gourmet Food" currently closed (hereafter the "14th Street Deli" location); one at 350 West 14th Street front #3, New York, New York 10014 under the name "Strawberry Deli, f/d/b/a Dolphin's Gourmet Deli" (hereafter the "Strawberry Deli" location); one at 320 W 14th Street, New York, New York 10014 under the name "High End Deli" (hereafter the "High End Deli" location); and one at 130 10th Ave, New York, New York 10011 under the name "Chelsea Square Market" (hereafter the "Chelsea Square Market" location).

From approximately December 2012 until on or about December 2013, Plaintiff Narcizo worked at the "14th Street Deli" (now closed) and "Strawberry Deli" locations from approximately 7:00 a.m. until on or about 7:00 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., 2 days a week (typically 73 to 74 hours per week). From approximately January 2014 until on or about December 2015, Plaintiff Narcizo worked at the "Strawberry Deli" and at "High End Deli" locations from approximately 7:00 a.m. until on or about 7:00 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., 2 days a week

(typically 73 to 74 hours per week). From approximately January 2016 until on or about July 2017, Plaintiff Narcizo worked at the "High End Deli" location from approximately 7:00 a.m. until on or about 7:00 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., 2 days a week (typically 73 to 74 hours per week). From approximately August 2017 until on or about November 2017, Plaintiff Narcizo worked at the "Chelsea Square Market" location from approximately 7:00 a.m. until on or about 7:00 p.m., 5 days a week (typically 60 hours per week). And from approximately December 2017 until on or about November 20, 2018, Plaintiff Narcizo worked at the "Chelsea Square Market" location from approximately 7:00 a.m. until on or about 5:00 p.m., 5 days a week (typically 50 hours per week).

At all times, Plaintiff Narcizo was paid in cash and was paid a fixed weekly salary. From December 2012 until July 2017, Plaintiff Narcizo was paid a fixed salary of $550 per week. From August 2017 until November 20, 2018, he was paid a fixed salary of $650 per week.

Plaintiff therefore brought this action to recover unpaid minimum wages, overtime, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.* ("FLSA"), and the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.* ("NYLL").

Plaintiff's estimates that his total unpaid overtime and other lost wages at approximately $187,681.88, with liquidated damages in the same amount, should he prove his case at trial.

### Settlement

The Parties have agreed to settle this action for the total sum of $75,000.00, to be paid by Defendants in twenty-five (25) installment payment, with the first installment payment of $25,000.00 due within ten (10) business of the order from this Court approving the same.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the plaintiffs range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action after discovery, without the encumbrance of trial and the delay and uncertainly of judgment enforcement. Plaintiff will each receive a reasonable down payment on the settlement and reasonable payments over the next two years.

Although the total figure of damages that could have been recovered exceeds the settlement amount, there was a risk that Plaintiffs would have not prevailed at trial, or would have received judgment at an amount significantly less than their estimated maximum damages after a trial.

October 31, 2020
Page 5

Considering the possibility of this outcome after a trial, we believe the settlement amount in this case is fair and reasonable.

More importantly, there were serious considerations to be made and risks associated with actually collecting on any judgment that could have been gained at trial, no matter the amount. Defense counsel represented that due to the tragedy of the COVID pandemic and ensuing government restrictions on the operation of the Defendants' business, the business has struggled to make a profit. In the face of these clear concerns at collecting now and in the future, Plaintiff made the reasoned decision to accept the settlement reached at the settlement conference with your Honor.

Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit.

### **Plaintiff's Attorneys' Fees are Fair and Reasonable**

We respectfully submit that the FLSA does not require the Court to review the attorneys' fees that a plaintiff's attorney will receive out of a settlement. *See Gutierrez v. 352 East 86th St. Rest., Inc.*, 15-cv-2064 (HBP), 2016 U.S. Dist. LEXIS 23967, *3-*4 (S.D.N.Y. Feb. 19, 2016) (declining to address the fee arrangement between plaintiff and his counsel because FLSA does not regulate relationship between attorney and plaintiff). However, if the Court holds it is necessary to review Plaintiff's attorneys' fees, such fees should be approved as fair and reasonable.

If the Court does find such review necessary, the amount of the settlement which will be applied to attorneys' fees is fair and reasonable. Plaintiff's attorneys will receive attorneys' fees and costs of $25,396.56, which represents the actual costs of $595.00 and 1/3 of the settlement (after costs are deducted). This also represents a waiver of the 40% agreed to by Plaintiff in the retainer

agreement signed with Plaintiff's counsel, inclusive in this case, of the actual cost's Plaintiff's attorneys' incurred in prosecuting this action. Plaintiffs' lodestar attorneys' fees amount in this case based on their recorded hours worked and costs and disbursements incurred is $26,310.00. A copy of Plaintiffs' attorneys' billing statement for this matter, with the attorneys' contemporaneous time entries, is annexed as Exhibit B.

Given these circumstances, the attorneys' fees is reasonable. This amount is both less that what would have been applicable under the retainer agreement and is less than the lodestar for this case as well. *See Hyun v. Ippudo USA Holdings*, 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("Fee awards representing one third of the total recovery are common in this District") (quoting *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 U.S. Dist. LEXIS 162243, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). The rates for Plaintiffs' attorneys are as follows:

    a.    Michael Faillace (MF) is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. His time is billed at the rate of $450, which is Faillace's standard billing rate for matters which he bills at an hourly rate rather than on a contingency basis. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations;

  b.  Joshua Androphy (JA) was the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014 through 2018. He left the firm in July of this year for other opportunities;

  c.  I, Kevin S. Johnson (KSJ), am an associate attorney at Michael Faillace & Associates, P.C. and my work is billed at $375.00 per hour. I graduated from New York School of Law in 2011 in the top 25% of his class. Since being admitted to practice in the State of New York and the Southern and Eastern Districts of New York in 2013, I have concentrated my practice in various aspects of civil litigation, focusing on personal injury litigation, discrimination, and employment and labor law claims. Prior to coming to work for the firm of Michael Faillace & Associates, P.C., I was an associate attorney with Rosenbaum & Rosenbaum, P.C., focusing my practice in personal injury, particularly focusing on motion and appellate practice. I have tried cases, deposed hundreds of witnesses, and plead and argued three cases before the Appellate Division, Second Department. Since coming to Plaintiff's attorneys' firm, I have concentrated solely on wage and hour and related labor law claims, using my strong litigation skills, in all aspects and phases of litigation, to bring the best results for my clients;

October 31, 2020
Page 8

        d.    Work performed by paralegals is billed at the rate of $125 per hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace and Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved, pending the final signature of the remaining Defendant.

Thank you for your consideration in this matter.

        Respectfully Submitted,

        <u>/s/ Kevin S. Johnson, Esq.</u>
        Kevin S. Johnson, Esq.
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        *Attorneys for Plaintiff*
        704.258.5546 (mobile)
        kjohnson@faillacelaw.com
        kevinsjohnson1@outlook.com

**CC VIA ECF:**

**Vincent L. Gonzalez**
MKC Law Group LLC
2 Executive Drive
Suite 240
Fort Lee, NJ 07921
201-947-5200
Email: TopEsquire@yahoo.com

**Michael K. Chong**
Law Offices of Michael K. Chong, LLC
2 Executive Drive

October 31, 2020
Page 9


Suite 240
Fort Lee, NJ 07024
201-947-5200
Email: MKC@mkclawgroup.com