USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARQUIMIDEZ ALEJANDRO NARCIZO,  :
*on behalf of himself and others*  :
*similarly situated,*  :
  :  **ORDER**
          Plaintiff,  :
  :  18-CV-11620 (JLC)
     - against -  :
  :
NY STRAWBERRY DELI CORP., et al.,  :
  :
          Defendants.  :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 74) and have now submitted a joint "fairness letter" (Dkt. No. 79) and a proposed settlement agreement (Dkt. No. 79-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).[1] Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of

---

[1] The Court directs the parties' attention to a number of errors in their submissions: (1) the wrong docket number appears in the subject line of the joint letter; (2) the attorneys' fees amount in the settlement letter is incorrect (as it should be $25,595 based on $595.00 in costs plus 1/3 of the settlement amount); (3) the second WHEREAS clause of the settlement agreement mistakenly identifies the plaintiff as "she"; (4) the caption of the settlement agreement still contains the initials "GHW" despite the parties' consent to my jurisdiction; (5) Paragraph 1(e) of the settlement agreement refers to EDNY, not SDNY; and (6) Paragraph 9 refers to plaintiff as "their" and "they" as if there is more than one plaintiff in this matter.  In the future, the parties should carefully proofread their submissions prior to filing them with the Court.

an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Moreover, in light of defendants' financial situation during the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).  *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). [2]  Therefore, the proposed settlement is approved.

The parties in their letter requested that the Court approve the settlement and dismiss the case with prejudice, pending the submission of the final signature of individual defendant Adel Hadi.  Accordingly, the case is hereby dismissed with

---

[2] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel.

prejudice, subject to the parties' submission of a fully executed settlement agreement within 30 days of the date of this Order.

The Court respectfully directs the Clerk to close Docket Number 79 and mark it as granted, and to close this case.

**SO ORDERED.**

Dated: November 2, 2020
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge