UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARQUIMIDEZ ALEJANDRO NARCIZO (a/k/a JAIME a/k/a JIMMY), *individually and on behalf of other similarly situated,*

                      *Plaintiff,*

-against-

NY STRAWBERRY DELI CORP. (f/d/b/a 14 ORGANIC GOURMET FOOD), WS SUPER DELI, INC. (d/b/a STRAWBERRY DELI, f/d/b/a DOLPHIN'S GOURMET DELI), HIGH END DELI CORP. (d/b/a HIGH END DELI), JOHN DOE CORP. (d/b/a CHELSEA SQUARE MARKET), ADEL HADI, HASSAN SALEH (a/k/a HASSAN AHMED), and OMAR AHMED,

                      *Defendants.*

Case No. 1:18-cv-11620-GHW

SETTLEMENT AGREEMENT
AND
RELEASE

---

This Settlement Agreement and Release of Claims ("Agreement" or "Settlement Agreement") is entered into by and amongst ARQUIMIDEZ ALEJANDRO NARCIZO (a/k/a JAIME a/k/a JIMMY) (hereinafter "Plaintiff" or "Mr. Narcizo") on the one hand, and NY STRAWBERRY DELI CORP., WS SUPER DELI, INC., HIGH END DELI CORP., JOHN DOE CORP. (d/b/a CHELSEA SQUARE MARKET), ADEL HADI, HASSAN SALEH (a/k/a HASSAN AHMED), and OMAR AHMED (hereinafter "Defendants"), on the other hand (hereinafter collectively "Parties"):

WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute arose regarding Plaintiff's alleged employment and the terms thereof, which dispute resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No. 1:18-cv-11620-GHW (hereinafter "the Litigation"), entitled as captioned above, alleging, among other related claims, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation or a trial on the Litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged by the Parties, it is hereby agreed as follows:

1.    Payment:    Defendants shall pay or cause to be paid to Plaintiff, subject to the

1231196.1

terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims, limited to and by the release clause of the Agreement below, Plaintiff has and/or may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Seventy-Five Thousand Dollars ($75,000.00) (the "Settlement Amount") to be paid to Plaintiff's attorneys' in twenty-five (25) installment payments as follows:

(a) <u>First Installment Payment</u>: One check in the amount of twenty-five thousand dollars ($25,000.00) made payable to "Michael Faillace & Associates, P.C.," due and payable within ten (10) business days of approval of the aforesaid Settlement Agreement and attorneys fees by the Court. The check shall be delivered to Plaintiff's counsel's office located at 60 East 42nd Street, Suite 4510, New York, NY 10165. Payment shall then be distributed, in accordance with the retainer agreement entered into between Plaintiff and Plaintiff's attorneys, as follows:

For Plaintiff, "Arquimidez Alejandro Narcizio": $16,270.00

For "Michael Faillace and Associates, P.C.": $8,730.00 (including costs)

(b) <u>Installment Payments Two to Twenty-Four</u>: The Second Installment is due and owing on or before December 15, 2020 and each successive payment shall be made on or before the 15th of each month thereafter until the final payment (24$^h$ payment) which is due and owing on or before November 15, 2022. Each installment shall be made in a check in the amount of two-thousand eighty-three dollars and thirty-three cent ($2,083.33) made payable to "Michael Faillace & Associates, P.C." The check shall be delivered to Plaintiff's counsel's office located at 60 East 42nd Street, Suite 4510, New York, NY 10165. Payment shall then be distributed, in accordance with the retainer agreement entered into between Plaintiff and Plaintiff's attorneys, as follows:

For Plaintiff "Arquimidez Alejandro Narcizio": $1,388.89

For "Michael Faillace and Associates, P.C.": $694.44

(c) <u>Installment Payment Twenty-Five</u>: The twenty-fifth and final installment payment is due and owing on or before December 15, 2022 and shall be made in a check in the amount of two-thousand eighty-three dollars and forty-one cents ($2,083.41) made payable to "Michael Faillace & Associates, P.C." The check shall be delivered to Plaintiff's counsel's office located at 60 East 42nd Street, Suite 4510, New York, NY 10165. Payment shall then be distributed, in accordance with the retainer agreement entered into between Plaintiff and Plaintiff's attorneys, as follows:

For Plaintiff "Arquimidez Alejandro Narcizio": $1,388.94

For "Michael Faillace and Associates, P.C.": $694.47

(d) <u>Default in Payment</u>: Failure of Defendants to pay the aforesaid installments by the enumerated due date, constitutes a default of payment. In the event of default by Defendants, Plaintiff shall deliver notice to Defendants of default by the method so designated in this Settlement Agreement. After the delivery of notice, Defendants have seven (7) business days to cure and remit all due and owing payments in full. Upon the failure of Defendants to cure after notice of default, Plaintiff may file the aforesaid affidavits of confession of judgment with the appropriate Court and enter and enforce judgement against the Defendants, jointly and severely, for the amount designated in the affidavits of confession of judgment ($100,000.00), subtracting for any payments made under this Settlement Agreement, without further notice thereto.

(e) **Confessions of Judgment:** Contemporaneous to the signing of this Settlement Agreement, Defendants, individually and on behalf of the known and named corporations, agree to execute affidavits of confession of judgment in favor of the Plaintiff for the total amount of One Hundred Thousand Dollars ($100,000.00), which may be entered pursuant to a default by Defendants, subtracting any payments made in accordance with and in furtherance of this Settlement Agreement. The total amount of the affidavits of confessions of judgement shall be one hundred thousand dollars ($100,000.00) which represents the total Settlement Amount plus a defaulting penalty, costs, and fees of twenty-five thousand dollars ($25,000.00). Judgement may be made and entered under the jurisdiction of the United States District Court, Eastern District of New York and/or the Supreme Court of the State of New York, in an appropriate and legal venue of the Plaintiff's choosing; and, Defendant hereby submits to the jurisdiction of the aforesaid Court(s) for the sole purposes of entering and enforcing aforesaid Judgment. The Confession of Judgment will be held in escrow by Plaintiff's counsel and not entered except as set forth herein. The Confession of Judgment shall expire and be rendered null and void upon the payment of the final installment payment and shall be returned to Defendants' counsel

2. **Release and Covenant Not To Sue:** Plaintiff hereby irrevocably and unconditionally release from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, and managers for complaints, claims, causes of action, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff claimed, should have claimed, and could have claimed against Defendants in the Litigation relating to applicable wage and hour laws and related labor law claims (i.e. FLSA; NYLL) that have occurred prior to and up to the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all actual and/or potential claims, counterclaims, and liabilities of any kind which Defendants claim, should have claimed, and/or could have claimed to have against Plaintiff relating to the applicable wage and hour laws, related labor law claims, and to any condition and circumstance of Plaintiff's hiring, training, retention, and employment with Defendants, their agents, assigns, heirs, and/or representatives that have occurred, known or unknown, prior to and as of the Effective Date of this Agreement.

3. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants or Plaintiff of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order, from the beginning of time until the Effective Date of this Agreement.

4. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper agent or representative of Plaintiff and Defendants or the Parties themselves, executed in the same manner as this Agreement, subject to any approval by a Court of competent jurisdiction, if necessary and applicable.

5. **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly laid out in this Agreement, as set forth between the Parties. They further acknowledge and agree that the only consideration for signing this Agreement is as is set forth in this Agreement.

6.    Notices:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive
Suite 240
Fort Lee, NJ 079221
Tel: (201) 947 - 5200
MKC@mkclawgroup.com

7.    Governing Law:    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and/or in an appropriate venue of the Supreme Court of the State of New York, in any subsequent proceeding to enforce this Agreement.

8.    Enforceability:    If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification:    Plaintiff has discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that they has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily and of their own free will.

**Counterparts**: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

_____   Date: 10/30/2020
ARQUIMIDEZ ALEJANDRO NARCIZO
(A/K/A JAIME A/K/A JIMMY)


DEFENDANTS:

By:_____   Date:_____
NY STRAWBERRY DELI CORP.


By:_____   Date:_____
WS SUPER DELI, INC.


By:_____   Date:_____
HIGH END DELI CORP.


_____   Date:_____
ADEL HADI


_____   Date:_____
HASSAN SALEH


_____   Date:_____
OMAR AHMED

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

_____  Date: _____
ARQUIMIDEZ ALEJANDRO NARCIZO
(A/K/A JAIME A/K/A JIMMY)

DEFENDANTS:

By: _____  Date: 12/2/20
NY STRAWBERRY DELI CORP.

By: _____  Date: 12/2/20
WS SUPER DELI, INC.

By: _____  Date: 12/2/20
HIGH END DELI CORP.

Date: 12/2/20
HASSAN SALEH

Date: 12/2/20
OMAR AHMED